UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN WILLEY,<br><br>    Plaintiff,<br><br>v.<br><br>MAT KING and SECURUS TECHNOLOGIES, INC.,<br><br>    Defendants. | Case No. 22-12627<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**ORDER ADOPTING REPORT AND RECOMMENDATION [29], GRANTING DEFENDANTS' MOTIONS TO DISMISS [23, 26], AND DISMISSING CASE**

While incarcerated at the St. Clair County Jail, Kevin Willey brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that SCCJ Sheriff Mat King and contractor Securus Technologies, Inc. violated his rights under the First and Fourteenth Amendments and under federal conspiracy and antitrust laws. (ECF No. 1, PageID.4–5 (citing the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68; Sherman Act, 15 U.S.C. §§ 1–7; and Clayton Antitrust Act, 15 U.S.C. §§ 12–27 and 29 U.S.C. §§ 52–53).) He asserts that King and Securus "entered into a joint conspiracy" that proceeded in two parts. (*Id.* at PageID.4.) First, SCCJ instituted a "postcard only" mail policy requiring all incoming mail—with limited exceptions for legal mail and publications like newspapers—to be written on plain postcards, or else be returned to the sender. (*See id.* at PageID.3–4; ECF No. 14, PageID.41–42); *Proch v. King*, No. 22-12141 (E.D. Mich. filed Sept. 9, 2022), ECF No.

38-4, PageID.330 (SCCJ Policy & Procedure 10.4). At the same time, St. Clair County contracted with Securus to offer an expensive alternative to communication by mail: people incarcerated at SCCJ can rent Securus tablets for a monthly fee, then pay to use Securus' messaging applications. (*See* ECF No. 14, PageID.42–43); *Proch*, No. 22-12141, ECF No. 38-8 (contract between St. Clair County and Securus).

So "for a markup of approximately 1,800%"—what Willey calls "an extortion fee to secure First Amendment access"—"Securus allows the electronic exchange of correspondence between inmates and their families . . . [of] the same or similar content [as] exchanged via the U.S. Mail." (ECF No. 1, PageID.5–6.) And Securus and the county split the profits. *See Proch*, No. 22-12141, ECF No. 38-8, PageID.342–343 (contractual compensation scheme for tablet rentals and messaging application), 350–351 (same for phone call app), 361 (same for video visitation app). Thus, this "'pay-to-play' extortion strategy" and "'de facto' ban upon inmates receiving correspondence via U.S. Mail," says Willey, "direct all correspondence revenue from the U.S. Mail to the coffers of Defendants." (ECF No. 1, PageID.4–7.)

All pretrial matters in this case were referred to Magistrate Judge Patricia Morris. (ECF No. 11.) On November 30, 2023, she issued a Report and Recommendation to dismiss this case because Willey has failed to prosecute it. (ECF No. 29.) She pointed out that Willey has not responded to Defendants' motions or court orders (*id.* at PageID.176–177), including King and Securus' motions to dismiss (ECF Nos. 23, 26), an order to respond to King's discovery requests (ECF No. 20), and

2

an order to show why the case should not be dismissed for failure to prosecute (ECF No. 28).

At the conclusion of her Report and Recommendation, Magistrate Judge Morris notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 29, PageID.179–180.) Since Willey was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule does not apply here, as Willey is no longer incarcerated—he appears to have been released in June 2023, before the Report and Recommendation was served. (ECF No. 24.) In all, waiting the 17-day objection period and allowing some time for the Court to receive objections that Willey may have mailed, it has now been over 30 days since the Report was served on the parties. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a magistrate judge's Report and Recommendation is a procedural default "waiving review even at the district court level." 474 U.S. 140, 149 (1985); *see also Garrison v.*

3

*Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and Recommendation and accepts the recommended disposition. (ECF No. 29.) It follows that Defendants' motions to dismiss (ECF Nos. 23, 26) are GRANTED and this case is DISMISSED WITH PREJUDICE.

SO ORDERED.

Dated: January 10, 2024

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE

4